UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20062-CIV-GRAHAM/GOODMAN

CRISTIAN RODRIGUEZ, et al.,

    Plaintiffs,

v.

BRELEX RENTALS, INC., et al.,

    Defendants.
_____/

ORDER RESCHEDULING SETTLEMENT CONFERENCE
AND AWARDING FEES AND COSTS TO PLAINTIFFS

On May 30, 2013, the Undersigned entered an order setting a settlement conference in this case pursuant to the District Court's referral. [ECF Nos. 28; 30]. The Undersigned's Order scheduled the settlement conference for June 26, 2013 at 10:00 a.m. [ECF No. 30].

Despite this almost one-month advance notice, Defendants' counsel did not appear in court until almost 10:45 a.m. In addition, the individual Defendant and the corporate Defendant's representative did not appear by 10:45 a.m. (when the settlement conference was reconvened), and, according to defense counsel's explanation, his client apparently had just left his place of business in North Miami to attend.

At this time, the Undersigned gave Plaintiffs and their counsel the option to reschedule the settlement conference or to wait another 30-60 minutes for Defendants' representative to appear. Plaintiffs, who had all taken the day off from work to attend the 10:00 a.m. settlement conference, chose to reschedule the settlement conference.[1] The Undersigned then accepted testimony as to Plaintiffs' counsel's hourly rates and Plaintiffs' lost wages from attending the settlement conference.

Accordingly, for the reasons outlined at the hearing, it is **ORDERED** as follows:

1. The settlement conference is hereby rescheduled to **Monday, July 22, 2013 at 10:00 a.m.**

2. Defendants and their counsel shall pay to Plaintiffs $2,100 in fees and costs for their non-attendance of (and failure to timely attend) the settlement conference, as follows: Defendants shall pay $1,500; and Defendants' counsel shall pay $600. *See* Local Rule 16.2(e); *Pinero v. Corp. Courts At Miami Lakes, Inc.*, 389 F. App'x 886 (11th Cir. 2010) (affirming award of $2,500 against attorney for client's non-attendance at court-ordered settlement conference before a magistrate judge in this district).

---

[1] It is unlikely that the Undersigned could have held an effective settlement conference anyway, had Plaintiffs and their counsel decided to start the settlement conference after what would have been a significant delay. The Undersigned set aside three hours for the settlement conference and had other obligations to fulfill after the expiration of the three hours. Therefore, a decision to move forward with the settlement conference would have resulted in a truncated settlement conference lasting no more than an hour and a half – an unreasonably short time for a settlement conference, especially when there are six plaintiffs who need an interpreter.

3. Defendants and their counsel shall pay the $2,100 award by July 3, 2013 and they shall each submit an affidavit of compliance to the Undersigned's efile inbox (which is not a public record available through CM/ECF). Defendants' counsel shall pay the $600 award allocated to him personally and shall not, either directly or indirectly, pass on the cost to his clients.[2]

---

[2] This $600 award against Defendants' counsel is not a sanction. Instead, it is an expense-shifting award. Therefore, this Order would not require Defendants' counsel to answer "yes" if ever asked (e.g., by an insurance carrier, by a judicial nominating commission, by a prospective employer) if a court had ever imposed sanctions against him.

4. This award is not purposefully intended to *punish* Defendants and their counsel. Rather, it is designed to fairly place financial responsibility on the parties who caused the delay and rescheduling. Plaintiffs and their counsel did nothing wrong and did everything right – they appeared on time, prepared to mediate. It would not be fair to reschedule the settlement conference and thereby force all six Plaintiffs to miss a day's pay and to deprive counsel of compensation for their lost time. Acts and omissions have consequences, even if they were the result of negligence or carelessness. Given a choice between imposing the financial consequences on Plaintiffs and their attorneys or on Defendants and their counsel, there is only one logical and equitable decision, and it has been made here.[3]

**DONE AND ORDERED** in Chambers, Miami, Florida, June 28, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald L. Graham
All Counsel of Record

---

[3] It probably would have been appropriate to have increased the expense-shifting award to also include a component for the fee the Plaintiffs (or their counsel) presumably paid for the interpreter, who likely will need to be retained again for the rescheduled settlement conference.